HARDY, Judge.
This action was instituted by plaintiffs, husband and wife, for the recovery of a deficiency income tax assessment made by the Department of Revenue of the State of Louisiana against plaintiff’s income for the taxable year of 1955. The tax, together with interest, was paid under protest and by this proceeding, under the rights granted by appropriate statutes, plaintiffs seek recovery thereof. From default judgment in favor of plaintiffs the defendant prosecutes this appeal.
The facts are undisputed. In 1952 plaintiff taxpayer, L. L. Sugar, husband of Charlotte W. Sugar, became a member of a partnership for the operation of a general taxi cab business under the name of Yellow Cab Company of San Antonio; by instrument dated December 31, 1954, all members of the general partnership doing business as Yellow Cab Company of San Antonio, and United Cab Company, both being taxi cab operations in Bexar County, Texas, sold all of the physical assets then being used in said business operations; the distributive share realized by plaintiff was not reported by the taxpayers as taxable income to the State of Louisiana; after audit of the taxpayers’ state income tax return for the taxable year of 1955, the Department of Revenue of the State of Louisiana took the position that the exclusion of the sale of capital assets outside the State did not apply to the transaction in question; the resulting *614 assessment of a tax deficiency was paid under protest and this suit was duly filed for refund thereof.
Plaintiff relies upon the application of LSA-R.S. 47:51, which provides:
“Gains from the sale or exchange .of capital assets located outside the State of Louisiana shall not be in■cluded in [the] gross income and shall be exempt from taxation under this Chapter.”
While agreeing with tire taxpayer as to the nature of the transaction, defendant contends that the gains arising from the sale of capital assets of the partnership constituted a partnership interest, which was an intangible asset, the - situs of which, for tax purposes, should be considered as the domicile of the owner, a citizen and resident of the State of Louisiana.
In support of defendant’s legal position, counsel urges that the ownership of partnership assets is not vested in the individual members and their ownership thereof is restricted to an interest therein, and that the interest in a partnership is an intangible taxable at the domicile of its owner.
The contention of defendant that plaintiff’s interest in the partnership should be treated as an intangible item is attempted to be supported by the case of Peters v. Cooper, La.App., 90 So.2d 892, which counsel declares involves issues and facts identical with the case at bar. With this argument we cannot agree. The cited case holds only that certificates of stock constitute intangible property under the provisions of LSA-C.C. Article 460, which conclusion is not open to dispute. However, our State Income Tax Statute, LSA-R.S. 47:201 et seq., provides, inter alia, that the income of a partnership shall be computed in the same manner and upon the same basis as that of an individual.
Some features of the legal questions here under consideration were touched upon by the Supreme Court in the case of Schlesinger v. Fontenot, 235 La. 47, 102 So.2d 488. Of particular relevance is the holding of the court in the cited case that the sale of property located outside the State of Louisiana constituted a disposition of capital assets exempt from Louisiana income tax under the provisions of LSA-R.S. 47:51. More appropriate, under the facts involved, is the holding of the United States Court of Appeals for the Ninth Circuit in Hatch’s Estate v. Commissioner of Internal Revenue, 198 F.2d 26, in which the court squarely held that the sale by individual partners of most of the assets of a partnership, which entity survives the sale, constitutes a sale by the partnership of some of its assets and not a sale by the partners individually of their interests in the partnership. Upon this basis the court treated such a sale with respect to the partners involved as being the sale of a capital asset.
Under the facts of the instant case we think the transaction clearly constituted a sale of capital assets accruing to the individual partners, in accordance with which the taxpayer would be required only to make the same type of return as if the ownership of the property had been vested in him individually rather than in the partnership entity.
Finding no error in the judgment appealed from, the same is affirmed.