142 So.2d 401

**L. L. SUGAR et ux.**

v.

**STATE of Louisiana, through the COLLEC-TOR OF REVENUE of the State of Louisiana.**

No. 45921.

June 4, 1962.

Rehearing Denied June 29, 1962.

John B. Smullin, Emmett E. Batson, Frederick S. Haygood, Levi A. Himes, Chapman L. Sanford, Baton Rouge, Albert

L. Dietz, Jr., Shreveport, and Albert S. Rose, New Orleans, for applicant.

Steven N. Cowel, Shreveport, for respondent.

HAMLIN, Justice.

In the exercise of our supervisory jurisdiction (Art. VII, Sec. 11, La.Const.1921, LSA), we granted certiorari in this tax matter to review a judgment of the Court of Appeal, Second Circuit,[1] which affirmed a judgment of the trial court in favor of plaintiffs in the sum of $5,712.18, together with interest until paid.[2]

Plaintiffs, L. L. and Charlotte W. Sugar, husband and wife, excluded from their 1955 Louisiana Income Tax Return, a certain item which they claimed was exempt from Louisiana Income Tax under LSA–R.S. 47:51. The correctness of their contention is the question posed for our determination

For a proper understanding of this opinion, we reiterate the undisputed facts found by the Court of Appeal:

"In 1952 plaintiff taxpayer, L. L. Sugar, husband of Charlotte W. Sugar, became a member of a partnership for the operation of a general taxicab business under the name of Yellow Cab Company of San Antonio; by instrument dated December 31, 1954, all members of the general partnership doing business as Yellow Cab Company of San Antonio, and United Cab Company, both being taxi cab operations in Bexar County, Texas, sold all of the physical assets then being used in said business operations; the distributive share realized by plaintiff was not reported by the taxpayers as taxable income to the State of Louisiana;[3] after audit of the taxpayers' state income tax return for the taxable year of 1955, the Department of Revenue of the State of Louisiana took the position that the exclusion of the sale of capital assets outside the State did not apply to the transaction in question; the resulting assessment of a tax deficiency was paid under protest and this suit

1. 134 So.2d 613.
2. Judgment in the trial court was by default.
3. The Yellow Cab Company of San Antonio, a general partnership composed of L. L. Sugar, Frances J. Sugar, Brian Sugar, and Max J. Penner, (also doing business as United Cab Company—both businesses being operated in Bexar County, Texas), sold all of the physical assets being used in the operation of the two cab businesses together with all taxicab licenses, permits, trade names of said

businesses, all meters, radio transmitting and receiving equipment, and all other taxicab equipment of every kind or character whatsoever used in the businesses to K. M. Fisher and J. P. Fisher, Jr., for a consideration of $399,600.00 in cash. The only pertinent exclusion from the sale was certain real property and the improvements located thereon. Of the recited consideration, plaintiff L. L. Sugar received $112,825.79 as profit; the tax herein involved was assessed on this amount.

was duly filed for refund thereof." See, LSA–R.S. 47:1576.

The Court of Appeal, relying almost exclusively upon the case of Hatch's Estate v. Commissioner of Internal Revenue, 9 Cir., 198 F.2d 26, found that the transaction, supra, "clearly constituted a sale of capital assets accruing to the individual partners, in accordance with which the taxpayer would be required only to make the same type of return as if the ownership of the property had been vested in him individually rather than in the partnership entity." It construed the provisions of LSA–R.S. 47:51,[4] *"Gains from the sale or exchange of capital assets located outside the State of Louisiana shall not be included in gross income and shall be exempt from taxation under this Chapter,"* in favor of plaintiffs and held that the case of Peters v. Cooper, La.App., 90 So.2d 892, was not apposite to the instant matter. (Emphasis ours.)

The Collector of Revenue contends that:—(1) the Court of Appeal erred in its interpretation of the decision in the case of Hatch's Estate v. Commissioner of Internal Revenue, 198 F.2d 26; (2) the Court should not have considered the Hatch case, supra, as being decisive of the issues in the present case though the decision is pertinent; (3) the Court erred in failing to recognize the opinion in Peters v. Cooper,

supra, as being authority for the proposition that intangible property must have its situs outside the State of Louisiana for the exemption provided by LSA–R.S. 47:51 to apply; and (4) the Court failed to recognize the distinction between a sale by partners of their interest in a partnership and a sale by the partnership of its assets and, further, failed to recognize that the situs of intangibles is one of the principal points involved in the present case.

Plaintiff L. L. Sugar argues that the profit he received resulted from the sale of a capital asset, which had its situs outside the State of Louisiana and was therefore exempt from Louisiana income tax liability. He further urges that the judgment of the Court of Appeal be affirmed by this Court.

In determining whether plaintiff L. L. Sugar sold a capital asset or a partnership interest, we must first consider the nature and character of the contract of partnership.

In 1848, in the case of Smith v. McMicken, 3 La.Ann. 319, 322, this Court stated: " * * * The partnership once formed and put into action, becomes, in contemplation of law, a moral being, distinct from the persons who compose it. It is a civil person, which has its peculiar rights and attributes. Une personne fictive et morale séparée des associés. * * * therefore,

4. This section was repealed by Act No. 169 of 1958.

the partners are not the owners of the partnership property. The ideal being thus recognized by a fiction of law, is the owner; it has a right to control and administer the property, to enable it to fulfil its legal duties and obligations; and the respective parties, who associated themselves for the purposes of participating in the profits which may accrue, are not the owners of the property itself, but of the residuum which may be left from the entire partnership property, after the obligations of the partnership are discharged." In Toelke v. Toelke, 153 La. 697, 96 So. 536, we said that "partnership property belongs to the partnership, and not to the partners, whose interest is only in the residue after liquidation." The foregoing principles were reiterated, affirmed, and enlarged upon, in the case of Trappey v. Lumbermen's Mutual Casualty Co., 229 La. 632, 86 So.2d 515. In Quarles v. Albritton, La.App., 116 So.2d 175, it was said, "The Courts of Louisiana have consistently, in many varied types of cases, held strongly to the civil law concept that a partnership is a separate legal entity entirely distinct from its individual members." See, also, 40 Am.Jur., Sec. 114, p. 209, wherein it is stated: "It is well settled that the joint effects of a partnership belong to the firm, and not to the partners, and that a partner has no individual property in any specific assets of the firm, and no right during the existence of the partnership to the exclusive possession or use of any of its property. Instead, the interest of each partner in the partnership property is his share in the surplus after the partnership debts are paid, and after the partnership accounts are settled and the rights of the partners inter se are adjusted. Nothing is to be considered as the share of a partner but his proportion of the residue or balance after an account has been taken of the debts and credits, including the amounts paid by the several partners in liquidating firm debts or in making advances to the partnership. This interest in the surplus alone is available for the satisfaction of the separate debts of the partner."

An examination of the jurisprudence of Texas discloses that its appreciation of the nature and character of the contract of partnership is similar to that of Louisiana. In Miller v. Howell, 234 S.W.2d 925, 930, Court of Civil Appeals of Texas, the court stated: " * * * The joint effects of a partnership, including realty, belong to the firm, and not to the partners, and a partner has no individual property in any specific assets of the firm, and no right during the existence of the partnership to the exclusive possession of any of its property. The interest of each partner in the partnership property is his share in the surplus after the partnership debts are paid, and after partnership accounts are settled and the rights of the partners inter se are adjusted. * * *" In Egan v. Ameri-

can State Bank, Tex.Civ.App., 67 S.W.2d 1081, the court held that partnership assets belong to the partnership, the interest of each member of the partnership being limited to his share in the surplus after payment of partnership debts and adjustment of rights of partners per se. See, Megert v. Barnes, Tex.Civ.App., 259 S.W. 2d 774; Littleton v. Littleton, Tex.Civ. App., 341 S.W.2d 484; Phillips v. C. Palomo & Sons, 5 Cir., 270 F.2d 791.

The Yellow Cab Company of San Antonio was properly formed and legally constituted; its Articles of Partnership set forth its purposes, its assets and its liabilities, and recite in Article 10(c) that, "The purchase price of the partnership interests shall be the book value as disclosed by the books of the partnership every year as of December 31, and in the event of a sale, the partners hereby agree to sell their *interest* at said value." (Emphasis ours.)

We find from the law, jurisprudence, and Articles of Partnership of the Yellow Cab Company of San Antonio, that L. L. Sugar did not own any specific asset of the company; his interest was specifically a partnership interest.

The facts set forth in the case of Hatch's Estate v. Commissioner of Internal Revenue, 198 F.2d 26, supra, are almost identical to those of the instant matter; the liability to be determined, however, was federal tax liability, not situs nor state income tax liability. Therein the court said, "the controversy here is reduced to a determination of whether what the taxpayers sold were the business assets, and as such the source of ordinary income, or their partnership interests, and as such the source of capital gains." As a conclusion, the court stated: "We conclude that what was sold here was each partner's partnership interest. See Thornley v. Commissioner, 3 Cir., 1944, 147 F.2d 416. The sale of a partnership interest constitutes a sale of a capital asset, and thus gives rise to a capital gain."

L. L. Sugar testified that he paid to the federal government a capital gains tax on the transaction herein involved; the weight of federal authorities is to the effect that the sale of a partnership interest is the sale of a capital asset. This authority is codified in the Internal Revenue Code of 1954, Section 741.[5] In cases arising before the effective date of the Internal Revenue Code of 1954 (generally January 1, 1955),[6] we find the following statements:

5. "In the case of a sale or exchange of an interest in a partnership, gain or loss shall be recognized to the transferor partner. Such gain or loss shall be considered as gain or loss from the sale or exchange of a capital asset, except as otherwise provided in section 751 (relating to unrealized receivables and inventory items which have appreciated substantially in value)."

6. See, 26 U.S.C.A. § 771.

"Another principle to be borne in mind is that upon a sale incidental to the dissolution of a partnership, whether by agreement of the parties or through judicial proceeding,—in fact, through any of the methods provided by State law,—the distributive shares received by the partners after sale are not income, but gain upon the sale of a capital asset within the meaning of Section 117(a) and (b) of the Internal Revenue Code, 26 U.S.C., 1952 ed., § 117(a) and (b). See, Stilgenbaur v. United States, 1940, 9 Cir., 115 F.2d 283, 286–287; United States v. Adamson, 1947, 9 Cir., 161 F.2d 942; Hatch's Estate v. C.I.R., 1952, 9 Cir., 198 F. 2d 26, 29." Ward v. Commissioner of Internal Revenue, 224 F.2d 547. See, Wener v. Commissioner of Internal Revenue, 9 Cir., 242 F.2d 938. See, Kean v. Manning, D.C., 128 F.Supp. 756.

"It is now the overwhelming weight of authority and the law of this circuit that an interest in a partnership is a capital asset. The interest of John Snow in the partnership (as contrasted with partnership earnings) was held for more than six months and therefore qualifies for capital gains treatment under Section 117 of the Internal Revenue Code." United States v. Snow, 9 Cir., 223 F.2d 103.

"The law is well settled that a partnership interest in a going concern is a capital asset. Commissioner of Internal Revenue v. Shapiro, 6 Cir., 125 F.2d 532, 144 A.L.R. 349; Thornley v. Commissioner of Internal Revenue, 3 Cir., 147 F.2d 416; Commissioner of Internal Revenue v. Lehman, 2 Cir., 165 F.2d 383, 7 A.L.R.2d 667; Commissioner of Internal Revenue v. Smith, 5 Cir., 173 F.2d 470; and Hatch's Estate v. Commissioner of Internal Revenue, 9 Cir., 198 F.2d 26." Kaiser v. Glenn, 114 F.Supp. 356. See, also, Mertens, Jr., The law of Federal Income Taxation, Vol. VI, Sec. 35.54 et seq.; 16 La.L.Rev. 57, (1955–1956).

LSA–R.S. 47:51 recites that gains from the sale or exchange of capital assets *located outside the State of Louisiana* shall be exempt from taxation.

In order to ascertain, for purposes of taxation, whether the partnership interest of L. L. Sugar was located outside the State of Louisiana, we have to determine its nature—that is, whether such partnership interest was tangible.

We find our answer in the decision of Blodgett v. Silberman, 277 U.S. 1, 48 S.Ct. 410, 72 L.Ed. 749, wherein the facts disclosed that the deceased had held a partnership interest in a New York limited partnership, William Openhym & Sons; presented for the Court's determination was

the power of Connecticut, the domicile of the deceased, to assess a tax upon the succession to, or the transfer of, the interest of the deceased in alleged intangible property. After a thorough consideration of the partnership agreement and the doctrine of "mobilia sequuntur personam," the United States Supreme Court found that:

"It thus clearly appears that both under the partnership agreement and under the laws of the state of New York the interest of the partner was the right to receive a sum of money equal to his share of the net value of the partnership after a settlement, and this right to his share is a debt owing to him, a chose in action, and an intangible. We concur with the supreme court of errors that as such it was subject to the transfer tax of Connecticut."

In Graves v. Schmidlapp, 315 U.S. 657, 660, 62 S.Ct. 870, 86 L.Ed. 1097, the Court stated:

"Intangibles, which are legal relationships between persons and which in fact have no geographical location, are so associated with the owner that they and their transfer at death are taxable at the place of his domicile, where his person and the exercise of his property rights are subject to the control of the sovereign power. His transfer of interests in intangibles, by virtue of the exercise of a donated power instead of that derived from ownership, stands on the same footing. In both cases the sovereign's control over his person and estate at the place of his domicile and his duty to contribute to the financial support of government there, afford adequate constitutional basis for the imposition of a tax. Curry v. McCanless, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339; cf. Graves v. Elliott, 307 U.S. 383, 59 S. Ct. 913, 83 L.Ed. 1356." Cf. Lynch v. Kentucky Tax Commission, Ky., 333 S.W.2d 257.

■ Louisiana has followed the rule set forth in the two above decisions of the United States Supreme Court and has consistently held that intangibles have their tax situs at the domicile of their owners. See, Peters v. Cooper, La.App., 90 So.2d 892; Metropolitan Life Ins. Co. v. Board of Assessors, 115 La. 698, 39 So. 846, 9 L.R.A.,N.S., 1240; 84 C.J.S. Taxation § 116, p. 230; Cooley, The Law of Taxation, Vol. II, Sec. 455, p. 1006.

■ We find that L. L. Sugar sold a partnership interest which was intangible by nature and had its situs at the domicile of its owner; it was not such a capital asset located outside the State of Louisiana which falls within the exemption set forth in LSA–R.S. 47:51. The exclusion of real property from the sale by Yellow Cab

Company of San Antonio was inconsequential to the purpose of the sale and had no bearing on what was sold.

There is no controversy insofar as the amount of the alleged deficiency assessed by the Collector of Revenue against L. L. Sugar and his wife, Charlotte W. Sugar, is concerned; therefore, under our findings, plaintiffs are liable for said assessment.

For the reasons assigned, the judgment of the Court of Appeal, Second Circuit, is reversed and set aside; plaintiffs' suit is dismissed at their costs.

142 So.2d 406