TATE, Judge.
The essential issue of this appeal is a policy coverage question.
The defendant insurer (Houston Fire) had issued an automobile liability policy to R. J. Robinson, a plaintiff. Robinson’s (then minor) son, a co-plaintiff, was involved in an accident while operating a 1958 Chevrolet. Upon Houston Fire’s denial of coverage, Robinson and his son compromised the tort claim against them arising out of the accident, since the son’s fault obviously caused it.
By the present action, these plaintiffs seek to recover the amounts paid and expenses incurred in settlement of the tort claim. They now appeal the trial court’s dismissal of their suit.
Houston Fire had issued R. J. Robinson, as named insured, a 1958 Family Combination Automobile Policy. Houston Fire’s policy covered operation of owned automobiles by relatives of the named insured living in his household, such as the (then minor) co-plaintiff son.
Houston Fire’s policy described a 195d vehicle as an owned automobile insured by it. The plaintiffs contend that the 1958 Chevrolet involved in the accident had been acquired to replace the insured 1956 vehicle, and that therefore the policy’s coverage attached to the new vehicle (which was involved in the accident later in the day of its acquisition). In making this contention, the plaintiffs rely solely upon a policy provision relating to coverage of additional *777 automobiles acquired by the named insured.[1]
The clause in Houston Fire’s policy relied upon by the plaintiffs-appellants states as follows: “ * * * If the named insured acquires ownership of an additional private passenger, farm or utility automobile or with respect to part three, a trailer, he shall inform the company within thirty days following the date of its delivery * * *.” (Italics ours.) (Then follows provisions relating to adjustment of premiums in accordance with such change or acquisition of ownership of additional vehicles.) Under this provision, as well as under the general clause insuring “owned vehicles”, it is an essential requirement for coverage of the policy that the vehicle be acquired or owned by the named insured, i.e., R. J. Ro'binson.
The plaintiffs-appellants do not rely upon any other policy provision to support their contention that Houston Fire’s policy covers the 1958 Chevrolet simply because it replaced the specifically described 1956 automobile insured by it, whether or not the replacing vehicle is acquired by the named insured himself. (The evidence shows that the 1958 Chevrolet was acquired by a garage partnership for the use of the plaintiff’s son, and that thus in that sense it was acquired — by the partnership — to replace the 1956 automobile.)[2]
The plaintiffs-appellants do not contend strongly that the trial court erred in finding factually that the 1958 Chevrolet involved in the accident was not acquired by the named insured, R. J. Robinson, individually. The automobile was acquired, instead, by the “Robinson Garage”, a partnership composed of himself and Benny Robinson[3]. This factual finding is supported by the evidence, including the record of a prior suit in which admissions to this effect were made by the partnership and by the present plaintiffs.
By the terms of the Houston Fire’s policy, a newly acquired automobile was covered only if acquired by the named insured himself. We find therefore that the trial court correctly dismissed the plaintiffs’ claim of coverage of the 1958 automobile, since it had been acquired by a person (the partnership) other than the named insured.
Accordingly, we affirm the District Court judgment. The plaintiffs-appellants • are to pay the costs of this appeal.
Affirmed.

. The plaintiffs do not rely upon any “non-owned” coverage. Even if the automobile was “non-owned” by the named insured (as we find by our opinion below), then the liability of the present insurer under the evidence is excess to that of a garage liability insurer (which actually paid the claim), if not excluded under a garage-use exclusion clause of the present policy.

. As a matter of fact, the policy did not contain a “replacement” clause providing for coverage of a new automobile acquired to replace the described automobile. 12 Couch on Insurance 2d, Section 45:-209. If it had, however, ordinarily automatic insurance is not provided under such a replacement clause, where the replacing automobile is not acquired by the insured but instead by someone else. Couch 2d, Sections 186, 187.

.A separate garage liability policy had been obtained for automobiles owned or used in the garage business. No contention is made that, because of R. J. Robinson’s interest in the partnership, nevertheless the 1958 Chevrolet acquired by the partnership was also acquired by the named insured, R. J. Robinson. Under Louisiana law, a partnership is a legal entity separate and distinct from the persons who compose it, Trappey v. Lumbermen’s Mutual Cas. Co., 229 La. 632, 86 So.2d 515, so that a partner does not own an individual interest in movables owned by the partnership, Sugar v. State, 243 La. 217, 142 So.2d 401.