SAMUEL, Judge.
This is a suit for personal injuries resulting from a collision between a taxicab, in which plaintiff was a paying passenger, and a 1968 Cadillac. The accident occurred in New Orleans on July 24, 1968. Named defendants in the original petition were the cab company, its driver, and the alleged owners, driver and liability insurer of the other vehicle, respectively Mr. and Mrs. James W. Porter, Robert F. Morgan and Allstate Insurance Company. Another defendant, the alleged liability insurer of the taxicab, was named in a supplemental petition.
Allstate and James Porter answered denying liability and insurance coverage. Later they filed a motion for summary *351 judgment seeking dismissal of plaintiff’s claims against them. The motion was denied. Following that denial they filed another and similar motion for summary judgment which was granted. Plaintiff has appealed therefrom.
Insofar as liability on the part of appel-lees is concerned, plaintiff’s petition alleges only that: Allstate had in full force and effect a policy of liability insurance covering Mr. and Mrs. Porter and Morgan; the Porters were the owners of a 1968 Cadillac automobile which Morgan was driving at the time of the accident with their knowledge, permission and consent, Morgan then being on a mission for the benefit of the Porters and/or was their employee and/or was their agent.
In support of their first motion for summary judgment Allstate and James Porter offered in evidence a certified copy of Allstate’s policy with James Porter effective on the date of the accident, affidavits by an Allstate supervisory employee in its Services and Records Department, and an affidavit by Mr. Porter. Later, in accordance with trial court instructions and in further support of their second motion for summary judgment, movers also offered in evidence an affidavit by Mrs. Porter. Plaintiff offered no evidence in opposition to the motions for summary judgment.
The employee affidavits are to the following effect: Allstate issued only one policy to James Porter covering the period involved and never issued a policy to Mrs. Porter. Mr. Porter’s policy originally provided coverage for a 1962 Buick and a 1963 Mercury and the latter was removed from the policy as of September 6, 1968 at Mr. Porter’s request. At no time did the policy cover a 1968 Cadillac nor was any such coverage ever requested.
Mr. Porter’s affidavit, taken in Massachusetts on October 28, 1969, states: He is a resident of the State of Massachusetts. He and Mrs. Porter separated (it is conceded the separation was only physical and not judicial) on April 18, 1968 and have not resided together since that date. His policy with Allstate afforded insurance covering a 1962 Buick and a 1963 Mercury, neither of which vehicles were involved in an accident on July 24, 1968. No vehicle owned by him was involved in an accident on that date. He never has owned a 1968 Cadillac; never has met Robert Morgan; and never has given Robert Morgan permission to operate any vehicle he owned.
Mrs. Porter’s affidavit, taken in Ohio on March 18, 1970, states she is a resident of the County of Hamilton, State of Ohio, although at one time she was a resident of the State of Louisiana; she has not resided with James Porter, and has resided separately and apart from him, since the month of April, 1968 to the date of the affidavit; and to her knowledge James Porter did not at any time own a 1968 Cadillac.
In pertinent part the policy provides the following are insureds:
“(a) With respect to the owned automobile,
(1) the named insured and any resident of the same household,
(2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured;”
The policy also contains the following pertinent definition:
“ ‘named insured’ means the individual named in Item 2 of the declarations [here the defendant, James Porter] and also includes his spouse, if a resident of the same household;”
Thus, in order for a person, here Morgan, to be an insured under the policy, that person’s use of the owned automobile must be with the permission of the named insured. As Mrs. Porter could not have been a named insured because at the time of the accident she was not a resident of the same household with her husband as *352 required under the terms of the policy, Mr. Porter was the sole and only named insured, and since Morgan did not obtain permission to use the Cadillac from that sole named insured, his operation of the vehicle could not have been covered by the policy. Under the evidence presented there can be no Allstate liability to the plaintiff.
Except on the basis of mere speculation, the evidence presented also shows an absence of any liability on the part of James Porter to the plaintiff. The uncon-tradicted affidavits show that James Porter did not own the Cadillac, did not know, or give permission to, Morgan and was unconnected with the accident in suit. The two movers for summary judgment appear to us to have negated any possibility of liability on their part insofar as reasonably within their power to do so.
In this court plaintiff contends there are genuine issues of material fact in that: (1) at the time of the accident Morgan was driving the Cadillac with the permission of Mrs. Porter who, with her husband, owned that vehicle because it was purchased by her from Canal Motor Company in New Orleans just four days prior to the occurrence of the accident and during the existence of the community of ac-quets and gains between the Porters; (2) the Cadillac was covered under the Allstate policy because it replaced the Mercury originally covered thereunder; and (3) the affidavits offered in evidence by the movers for summary judgment do not negate the above and do not negate those portions of plaintiff’s petition which allege Morgan was operating the Cadillac with the knowledge, permission and consent of the defendant-owners and was engaged on a mission for the benefit of those owners who were covered under the policy. We do not agree with the contention.
The part of the argument which is to the effect that the Cadillac was covered under the Allstate policy because it replaced the Mercury originally covered thereunder clearly is without merit. The policy clause under which the argument is made reads: “If the named insured disposes of or replaces a private passenger, farm or utility automobile * * * he shall inform the company during the policy period of such change.” (emphasis ours). By these terms a newly acquired automobile could be covered by the policy only if acquired by the named insured.[1] Here, as has been pointed out, the evidence adduced shows the only named insured was James Porter and, again except for mere speculation, he did not own the Cadillac.
Under LSA-C.C.P. Art. 966 the summary judgment sought shall be rendered forthwith “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” And under LSA-C.C.P. Art. 967 the adverse party against whom a motion for summary judgment has been taken is not permitted to rely on the bare allegations of his pleading. In pertinent part Article 967 provides:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.” LSA-C.C.P. Art. 967.
As we have mentioned above, in the instant case plaintiff filed no evidence at all in opposition to the motions for summary judgment, not even what should have been readily obtainable evidence of the argued fact upon which he bases his entire case against Allstate and James Porter, i. e., *353 that Mrs. Porter purchased the Cadillac from a New Orleans motor company four days before the accident. He relies solely on the bare allegations of his petition, a position not permissible under the quoted provisions of Article 967 which require that the adverse party in a motion for summary judgment offer evidence setting forth specific facts showing there is a genuine issue for trial. The record is devoid of any evidence setting forth any such specific facts.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. R. J. Robinson and Son v. Houston Fire & Casualty Co., La.App., 200 So.2d 776.