DOMENGEAUX, Chief Judge.
This suit arises out of an automobile accident which occurred on T-Jacks Lane, Marksville, Louisiana, on September 9, 1988. Gale Bordelon was operating a 1984 Toyota truck with her brother Kendall Bor-delon as a passenger, when she rear-ended a vehicle driven by Danny Clark. The Toyota truck was registered in the name of Gale’s mother, Mae Rose Tassin, and was cared for by Kendall.
As a result of the accident, Danny Clark filed suit for injuries naming as defendant Superior Insurance Company, the insurer of the Toyota truck. Kendall Bordelon and Ms. Tassin also filed suit against Superior for injuries suffered in the accident. The two suits were consolidated in district court *151 and all plaintiffs amended their petition to name as defendant State Farm Mutual Automobile Insurance Company, the insurer of a 1980 Chevrolet Monza owned by Gale Bordelon.
State Farm filed a motion for summary judgment, contending that the Toyota truck did not meet the definition of a “non-owned” vehicle under the terms of the policy covering the Monza, and therefore that policy did not provide coverage to Gale Bordelon while she was operating the Toyota truck. The trial court granted State Farm’s motion, and the plaintiffs have appealed. We reverse.
FACTS
In September 1987, Mae Rose Tassin, mother of Kendall Bordelon and Gale Bor-delon, purchased a 1984 Toyota SR5 4x4 pickup truck from Roger Clark Auto Sales, Marksville, Louisiana, and financed it through Central Louisiana Bank and Trust Company. After purchasing the truck, Ms. Tassin allowed Kendall to take the truck to Florida where he found employment. Kendall purchased insurance for the truck in Yulee, Florida and subsequently moved to Woodbine, Georgia for an undetermined period of time.
On September 9, 1988, Kendall’s sister, Gale Bordelon, was operating the truck in Marksville, Louisiana when she rear-ended a vehicle driven by Danny Clark, also a plaintiff herein. Kendall, while a passenger with Gale, also received injuries in this accident. When the accident occurred, Gale was living with her mother, Mae Rose Tassin, although Kendall’s residency is indeterminable by the record.
In effect at the time of the accident was an insurance policy issued to Gale Bordelon by State Farm which covered a 1980 Chevrolet Monza automobile owned by Gale. This policy is the subject of the litigation and subsequent appeal.
Although the policy extends coverage to “non-owned” vehicles, it attempts to exclude coverage of any vehicle registered in the name of a relative with whom the insured lives. In State Farm’s motion for summary judgment, it argued that the policy specifically excluded coverage because the Toyota is registered in Gale’s mother’s name and Gale lives with her mother. Appellants argue that there are material issues of fact regarding the ownership of the Toyota and the residency of Kendall, which should preclude the granting of summary judgment. The trial court granted defendants’ motion for summary judgment, ruling that the language of the policy makes the issue of ownership irrelevant because the policy requires only registration of a vehicle in the name of a relative who lives with the insured.
ISSUE
We must first point out that we are ruling only on whether there exists material issues of fact sufficient to preclude summary judgment. We therefore express no opinion regarding the validity of the policy language or the jurisprudence supporting such.
The State Farm policy affords coverage to vehicles classified as “non-owned” under the terms of the policy. It sets forth the definition of such a vehicle as:
Non-owned car — means a car not:
1) Owned by,
2) Registered in the name of, or
3) Furnished or available for the regular or frequent use of:
You, your spouse, or any relatives.
The policy further defines “relatives” as “a person related to you or your spouse by blood, marriage or adoption who lives with you.”
Using these terms, State Farm alleges that coverage under Gale’s policy is excluded because the Toyota pickup is registered in the name of Gale’s mother with whom she lived at the time of the accident. Plaintiffs claim the vehicle was garaged in another state.
Strictly interpreted, the policy language might exclude coverage. However, Louisiana courts have recognized that the intent of the policy excluding this class of vehicle from coverage is to prevent coverage without payment of premiums for vehicles owned by or furnished for the regular use *152 of the insured. Branam v. Traders and General Insurance Co., 344 So.2d 1073 (La.App. 3d Cir.1977). See also, Tingstrom v. State Farm Mutual Automobile Insurance Co., 274 So.2d 911 (La.App. 1st Cir.1973), writ denied, 279 So.2d 202 (1973); Gage v. Roy, 173 So.2d 885 (La.App. 3d Cir.1965); McKenzie and Johnson, 15 Louisiana Civil Law Treatise, § 63, p. 158, note 78.
The trial court’s judgment effectively ignores the purpose of this type of exclusion by not reaching the issues of the ownership of the vehicle and the residency of Kendall. The resolution of these two issues is necessary to accomplish the purpose of the exclusion and to ascertain the intention of the parties to the insurance contract. The issues raised also present material questions of fact sufficient to preclude a summary judgment.
The most notable is the issue of ownership of the Toyota pickup. The registration of a vehicle with the Department of Motor Vehicles is not conclusive evidence of ownership. Touchet v. Guidry, 550 So.2d 308 (La.App. 3d Cir.1989). If plaintiffs can prove that Ms. Tassin delivered the truck to Kendall, then under La.C.C. Art. 1539, Kendall may be considered the owner. If Kendall were the owner, then the next issue is whether he was living with Gale at the time of the accident. Gale testified that Kendall was living with her and their mother at the time of the accident. However, Kendall stated that he was only visiting and that he returned to Georgia shortly after the accident. If it were shown that Kendall owned the truck, resided outside of the household, and garaged the truck outside of the household, then coverage would be afforded because the truck would now fit the definition of a “non-owned car” under the policy. As stated earlier, the purpose of the exclusion is to prohibit an insured from insuring several vehicles that are available for his frequent use while paying only one premium. If Kendall owned the truck and lived in Georgia, then a finding of coverage would not defeat the purpose of the exclusion because the vehicle would not be available for Gale’s frequent use. We therefore find that the ownership of the truck and Kendall’s residency are two disputed issues of fact sufficient to preclude the granting of summary judgment.
We reiterate that the question involved in this appeal is only whether summary judgment is proper. We express no opinion on the validity of the exclusion contained in the policy.
This court has long held that a summary judgment is not to be used as a substitute for a full trial of controverted fact issues which are material to the decision of the case. Further, any ⅝1 reasonable doubt should be resolved against the mover. Riviere v. Bethard, 422 So.2d 1341 (La.App. 3d Cir.1982). The record evidences controverted factual issues which require resolution before a proper judgment can be rendered. The issues of the ownership of the Toyota pickup and of Kendall’s residency are material and factual, therefore, not susceptible of decision by a summary judgment.
For the above and foregoing reasons, we reverse the decision of the trial court and remand the case for a full trial on the merits. Costs of this appeal are assessed to appellee.
REVERSED AND REMANDED.