YELVERTON, Judge.
This appeal comes to us from two consolidated cases. It raises two issues. The first is a question of insurance coverage. Specifically, we must decide if a replacement vehicle provision, in a State Farm automobile policy, makes it necessary for the name of the replacement vehicle’s owner to appear in the substitute vehicle’s certificate of title in order to effectuate coverage. If we find that the answer to this first question is yes, then we must decide if State Farm’s obligation to its insured is owed in solido with that of a local insurance agency, who owed the same obligation but deriving from a different source. The trial court ruled for the insureds and against State Farm on both issues.
OWNERSHIP OF THE NEW VEHICLE
The coverage issue depends on who owned the replacement vehicle. Charles Brister, Sr., owned a 1985 Chevrolet Cavalier. The Cavalier was insured under a State Farm Mutual Automobile Insurance Company policy. The policy provided 30-day coverage for a replacement vehicle so long as said replacement was “newly-owned” by the named insured.
On November 30,1989, Brister, Sr., traded in the Cavalier for a new 1990 Isuzu pickup. Brister, Sr. wanting to help his son, Charles Brister, Jr., establish a credit history, placed the Isuzu’s certificate of title in Brister, Jr.’s, name.
Brister, Sr., did all of the negotiating in purchasing the truck. He cosigned the financing note. At the time of purchase, he and his son lived together in the same house. They both had been using the Cavalier, and they both planned to use the Isuzu.
The trial court found from the above facts that Brister, Sr., owned the Isuzu, just as he had owned the Cavalier trade-in, — this notwithstanding the fact that the new vehicle was registered in his son’s name. This was a finding of fact, and there is no manifest error in this determination of ownership.
THE INSURANCE PROBLEM
Before taking possession of the Isuzu, Brister, Sr., made arrangements with Huffman Brothers Insurance Agency, to obtain coverage on the Isuzu with a different insurance company. Huffman Brothers neglected to bind this coverage, however, and Brister, Jr., rear ended another car with the new Isuzu shortly after he drove away from the dealer.
He hit a car driven by Thea Barnes. The new Isuzu was declared a total loss. Thea and her husband, Gloster Barnes, suffered injuries and property damage. The accident was Brister, Jr.’s, fault. This is how it came about that all of the damaged parties looked to State Farm for insurance.
THE LAWSUITS
In the first of these consolidated cases, the Barneses sued Brister, Jr., and State *280 Farm, and Brister, Jr., third-partied Huffman Brothers. The trial court awarded the Barneses damages. The court cast State Farm through its replacement vehicle provision in the policy that covered the Cavalier trade-in. The trial court also found that Huffman Brothers was liable for failing to procure insurance, and that State Farm and Huffman Brothers were solidary obligors.
The other suit was brought by Brister, Sr., and Brister, Jr., against State Farm and Huffman Brothers seeking damages for the totalled Isuzu. The trial court ruled in favor of the Bristers and held State Farm and Huffman Brothers solidarity liable for the cost of the Isuzu, less the collision deductible, plus the medical expenses that Brister, Jr., incurred following the collision.
State Farm is the only appellant before us.
We affirm. A separate judgment is being handed down this date in Barnes v. Brister, 608 So.2d 281 (1992). Our reasons for judgment affirming the trial court in both consolidated cases are as follows.
THE COVERAGE PROBLEM
State Farm’s replacement vehicle provision states that it applies to replacement automobiles that are “newly owned” by the named insured. Since Brister, Sr., was the named insured on the Cavalier’s policy, and since the Isuzu is titled in Bris-ter, Jr.’s, name, State Farm argues that the Isuzu is “newly owned” by Brister, Jr., and not by Brister, Sr.
The definition section of the policy reads:
“Newly Acquired Car — means a car newly owned by you or your spouse if it:
1. Replaces your car;”
You or your is defined in the policy as follows:
“You or Your — means the named insured or named insureds shown on the declaration page”
The policy does not define what “owned” means. The policy does not require that the named insured have a certificate of title to the replacement vehicle. It requires only that the named insured own the replacement vehicle. The fact that Brister, Sr., did not have a certificate of title to the Isuzu does not, in and of itself, relieve State Farm of coverage. Louisiana law does not equate certificate of title to ownership as one and the same. In the case of Clark v. Superior Ins. Co., 600 So.2d 150 (La.App. 3rd Cir.1992), this court recognized that the registration of a vehicle with the Department of Motor Vehicles is not conclusive evidence of ownership. See, also, Touchet v. Guidry, 550 So.2d 308, 313 (La.App. 3rd Cir.1989).
In support of its position, State Farm cites R.J. Robinson and Son v. Houston Fire and Casualty Company, 200 So.2d 776 (La.App. 3rd Cir.1967). In that case, the plaintiff, Robinson, owned a 1956 vehicle. It was insured under a policy with a replacement vehicle provision similar to the one in question. Robinson alleged that he replaced the 1956 vehicle with a 1958 vehicle that was registered in the name of Robinson’s partnership, as opposed to Robinson himself. This circuit affirmed a finding by the trial court that the partnership, not Robinson personalty, owned the car and thereby denied coverage. The lower court made a factual determination that the 1958 car was acquired by the partnership. Our opinion was careful to stress the importance of this finding of fact:
(The evidence shows that the 1958 Chevrolet was acquired by a garage partnership for the use of the plaintiff’s son, and that thus in that sense it was acquired — by the partnership — to replace the 1956 automobile.)2
The plaintiffs-appellants do not contend strongly that the trial court erred in finding factually that the 1958 Chevrolet involved in the accident was not acquired by the named insured, R.J. Robinson, individually. The automobile was acquired, instead, by the “Robinson Garage”, a partnership composed of himself and Benny Robinson3. This factual finding is supported by the evidence, including the record of a prior suit in which admissions to this effect were made by the partnership and by the present plaintiffs.
Id. at 777 (footnotes omitted).
In the case before us, the trial court found exactly the opposite. The trial court *281 made the factual determination that Bris-ter, Sr., the named insured, owned the Isuzu despite the fact that it was in the name of another. The trial court did not err in finding that the Isuzu was a replacement vehicle and that it was therefore covered under the State Farm policy.
SOLIDARY LIABILITY
In its second assignment of error, State Farm claims that the trial court erred in holding it solidarily liable with Huffman Brothers. In its brief, State Farm admits that, as the Isuzu’s insurer, it is solidarily liable with Brister, Jr. However, it alleges that the Civil Code does not “contemplate a solidary obligation under the facts presented in these cases.” In short, State Farm suggests that it can be held solidarily liable only with its insured and no one else.
LSA-C.C. art. 1794 provides that an obligation is solidary for the obligors when each obligor is liable for the whole performance. The trial court found State Farm liable to both the Bameses and the Bristers on account of its insurance policy. Huffman Brothers was held liable to both the Barneses and the Bristers for the same performance on account of its failure to obtain coverage. Each had a separate obligation to provide coverage on the Isuzu. Therefore, pursuant to Article 1794, each is a solidary obligor. An obligation may be solidary though it derives from a different source for each obligor. LSA-C.C. art. 1797. The trial court did not err in finding solidary liability.
For the foregoing reasons, the judgment of the trial court is affirmed with all costs assessed to appellant.
AFFIRMED.