446 So.2d 474 (1984)
Dr. James H. STEWART, M.D.
v.
Harold R. AINSWORTH, Jr., and American Employers Insurance Co.
No. CA-1108.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1984.
Writ Denied March 23, 1984.
George Kutzgar, Metairie, for plaintiff-appellant.
Before SCHOTT, KLEES and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiff sued the driver and owner of a vehicle, and their insurer, for damages he sustained to his house as a result of a vehicular accident. The defendants filed a third party action against the driver of a second vehicle involved in the accident. The trial was bifurcated, with the issue of liability being tried by the judge and the issue of damages being decided by a jury. The district court rendered judgment in favor of the plaintiff against the defendant driver, Harold Ainsworth, Jr., and American Employers Insurance Company, in solido, in the sum of $37,081.00. The court dismissed the third party demand. Plaintiff appealed the judgment of the district court and we affirm.
The sole issue presented on appeal is whether the trial judge erred in refusing to allow the plaintiff to present to the jury the issue of his loss of interest income from investments.
*475 The plaintiff contends that in order to repair his house he used $8,700, which sum had formerly been invested at a rate in excess of legal interest. He argues that his case was delayed from June 1, 1981 to mid-1982 due to the unwarranted actions of the defendant and as a result he lost the conventional interest he would have earned on his money for this period of time. Accordingly, he reasons that his loss of investment income, to the extent that it exceeds the judicial rate of interest, is an additional element of damages. He alleges that he should have been allowed to present this issue to the jury for its consideration.
The plaintiff has not cited legal authority for his position and we know of none.
Those damages which are a direct result of the tortious act are compensable. C.C. Arts. 2315 et seq. The loss of interest income sought by plaintiff is only compensable to the extent provided by our laws. The legislature has provided for the payment of judicial interest in those cases which sound in tort, and that interest is as follows:
R.S.13:4203. Interest on judgments from judicial demand in ex delicto cases Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, "ex delicto", which may be rendered by any of the courts.
Moreover, the express language of Civil Code Article 2924 evidences an intent by the legislature to draw a distinction between legal and conventional interest. See also: C.C.Art. 1936.
Civil Code Article 2924 provides, in pertinent part:
Rates of legal and conventional interest; usury
Interest is either legal or conventional. Legal interest is fixed at the following rates, to-wit:
At twelve percent per annum on all sums which are the object of a judicial demand. Whence this is called judicial interest;
And on sums discounted at banks at the rate established by their charters.
The rate of judicial interest resulting from a lawsuit pending or filed during the indicated periods shall be as follows: Prior to September 12, 1980, the rate shall be seven percent per annum. On and after September 12, 1980, until September 11, 1981, the rate shall be ten percent per annum. On and after September 11, 1981, the rate shall be twelve percent per annum.
The amount of conventional interest cannot exceed twelve percent per annum. The same must be fixed in writing; testimonial proof of it is not admitted in any case. (Emphasis Supplied)
Conventional interest presupposes a contract and in order to be enforceable, it must be in writing. No such proof exists as between the parties in this case. Accordingly, the plaintiff's sole remedy is for the recovery of judicial interest from the date of judicial demand.
Accordingly, we find no error in the trial court's refusal to allow the plaintiff the opportunity to present evidence of his loss of investment interest to the jury because R.S.13:4203 provides an exclusive remedy to compensate a tort claimant for interest losses incurred in any fashion whether by payment of interest on funds borrowed by the tort claimant to make repairs, pay medical bills, etc., or as in this case, by the loss of investment interest because the claimant used his own cash resources prior to judgment.
For the reasons assigned the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.