**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for New Orleans Federal Savings and Loan Association**

v.

**A. Mason BARNES III.**

**Civ. A. No. 89–1334.**

United States District Court,
E.D. Louisiana.

Sept. 26, 1989.

See also 835 F.2d 580.

William Christi Gambel, Victoria Domini Critchlow, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for plaintiff.

Santo A. Dileo, Law Office of Santo A. Dileo, New Orleans, La., for defendant.

ARCENEAUX, District Judge.

Before the Court is the Motion For Summary Judgment Of Plaintiff Against Defendant And Opposition To Motion For Summary Judgment of Defendant Against Plaintiff (Doc. 13) and the plaintiff's Motion And Order For Summary Judgment (Doc. 10). These motions arise out of a declaratory judgment action, pursuant to 28 U.S.C. § 2201, asking the Court to determine whether interest accrued on a judgment rendered by a Louisiana state court in defendant's favor is ranked below and therefore to be paid after the claims of the Federal Savings and Loan Insurance Corporation ("FSLIC") in its corporate capacity are satisfied. The parties also ask the Court to decide whether the interest that has accrued on this judgment subsequent to the appointment of FSLIC as receiver of the New Orleans Federal Savings and Loan Association ("NOF") is stayed.

These determinations turn on FSLIC's claim that regulations promulgated by the Federal Home Loan Bank Board (FHLBB") pursuant to authority delegated to it by Congress by statute, 12 U.S.C. § 1725, preempt state law which otherwise provides that judicial interest accrues from date of judicial demand until paid and is secured by a judicial mortgage created by a money judgment awarded by a court. L.S.A.-R.S. 13:4203 (West 1916) ("§ 4203")[1]. Because this Court believes that such regulations have such preemptive effect, the

Court grants plaintiff's motion for summary judgment and denies defendant's cross motion.

*Background*

On June 18, 1986, defendant was awarded a Judgment against Northshore Development, Inc. and NOF *in solido* in *Northshore Development, Inc. v. A. Mason Barnes III, et al.,* Case No. 264–139 in the 24th Judicial District Court in Jefferson Parish for wrongfully seizing defendant's property. The Judgment awarded defendant $7,222.62 in legal interest for the loss he sustained by not having use of money he tendered at sheriff's sale to pay for the property at issue and $10,000.00 in attorney's fees as damages for the wrongful seizure. The next day, the FHLBB adopted Liquidating Resolution No. 86–607 ("Resolution") and appointed the FSLIC Receiver for NOF.

Plaintiff does not contest the judgment amount of $17,222.62 and has tendered this amount into the registry of this Court pending disposition of this action. Defendant contends, however, that plaintiff owes interest on this amount from the date of judicial demand until paid, as provided by § 4203, and claims an additional $31,444.01 as of February 14, 1989, with interest continuing to accrue at the rate of $5.74 per day (Doc. 1, Exh. P–3).

*Analysis*

Section 5(a) of the Home Owners' Loan Act of 1933 ("HOLA"), 48 State 128, as amended, 12 U.S.C. § 1464(a) *et seq.,* authorized the FHLBB to make rules governing federal savings and loan associations. In 12 U.S.C. § 1725(a) Congress created the FSLIC, placed it under the FHLBB's direction, and made it subject to rules and regulations of the latter. The FHLBB's powers over the FSLIC include appointing the FSLIC receiver and directing it to, among other things, approve or disallow claims in priority that accords with FHLBB

---

1. L.S.A.–R.S. § 4203 (West 1916) provides:
Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, "ex delicto", which may be rendered by any of the courts.
Absent the preemptive effect of the regulations discussed in this opinion, this statute would clearly require payment of interest on the judgment until paid. An action for wrongful seizure of property, the finding upon which the state court awarded judgment, is delictual and the judgment so awarded was for damages arising from this act.

regulation. 12 C.F.R. § 548.2(*o*) (1986), made applicable to receiverships by 12 C.F.R. § 549.3(a) (1986), authorizes the FSLIC as receiver to follow orders made by the FHLBB pursuant to the conduct of its receivership.

The Resolution, whose provisions determine the fate of this litigation, was promulgated by the FHLBB pursuant to 12 C.F.R. § 548.2(*o*) (1986). The Resolution ranks claims and directs that they be paid according to this ranking. An allowed secured claim, the most preferential category, is one secured by a lien on property to the extent of the realizable value of the property securing the claim (Doc. 1, Exh. P–5, p. 6, P.(a)). It also defines the types of security that will constitute a secured claim for purposes of the Resolution as those types of security recognized by Louisiana law (Id., P.(c)). Interest on such a claim for which the FSLIC shall be liable is limited to "contractually determined interest." (Id., P.(b)) [2].

In *Fidelity Federal Savings & Loan Association v. De La Cuesta*, 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982), the United States Supreme Court held that a FHLBB regulation authorizing savings and loan associations to include due-on-sale provisions in their real estate contracts preempted state law to the contrary. The Court noted that federal regulations have the same preemptive affect as do statutes. *Id.*, 458 U.S. at 153–54, 102 S.Ct. at 3022–23. The Court held that the language and history of HOLA clearly delegated from Congress to the FHLBB the authority to regulate savings and loan associations and that the due-on-sale provision is a valid exerise of this authority. It then found that by placing limitations on the availability of the due-on-sale option to the FHLBB, the state created an obstacle to FHLBB's ability to achieve the provision's purpose and so was preempted by the federal regulation. *Id.*, 458 U.S. at 156, 102 S.Ct. at 3024.

This analysis leads the Court to conclude that the Resolution preempts operation of

§ 4203. The regulation has the preemptive force of a statute against state law that conflicts with the regulation's operation as long as the regulation does not exceed the statutory authority conferred by Congress. *Id.*, 458 U.S. at 156, 102 S.Ct. at 3023. In this case, the Louisiana provision compelling FSLIC to pay judicial interest from the date of demand patently conflicts with the restriction of such payments called for in the Resolution. Applying state law against the FSLIC as receiver would prevent the receiver from restricting potential losses to property collateral and, at the same time, retaining the flexibility to contract for interest payments in appropriate circumstances.

The terms of the Resolution do not overstep the rulemaking authority Congress delegated to the FHLBB. As noted earlier, Congress authorized the FHLBB through HOLA to exercise broad powers over savings and loan associations in order to enhance the financial stability of these associations and to protect their depositors. *Id.*, 458 U.S. 168, 102 S.Ct. 3030. In addition, Congress has granted the FHLBB sweeping and exclusive power to regulate FSLIC's resolution of creditor's claims when acting as a receiver, 12 U.S.C. § 1729(d); *Carrollton–Farmers Branch v. Johnson*, 858 F.2d 1010, 1015, n. 26 (5th Cir.1988). Because the Resolution is a valid exercise of this power, state law requiring interest payments upon judicial demand is preempted and the Resolution's prohibition against noncontractual interest is valid and applicable to this case.

The interest claim asserted by defendant is clearly a judicial one, or one that is created by operation of law, and not a contractual one. L.S.A.–C.C. Art. 2924 (West Supp.1984); *Stewart v. Ainsworth*, 446 So.2d 474, 475 (La.App. 4th Cir.1984). Generally, the principal obligation, interest from date of judicial demand (if a delictual, or tort-based, action) and court costs and attorney's fees, if awarded, are secured by the lien on the judgment creditor's proper-

---

**2.** Claims Procedure Resolution (b) provides:
The secured claim of a secured creditor of an Association, if accepted as valid by the FSLIC as receiver for such Association, shall be al-

lowed, not to exceed the amount of the principal obligation and contractually determined interest to the date of payment.

ty that is created by the judgment's entry. L.S.A.–C.C. Art. 3278 (West 1870) and L.S. A.–C.C. Art. 3321 (West 1825). The Court has not been cited to any Louisiana authority, and it has found none, for the proposition that amounts that are so secured thereby become a part of the principal award. As a result, while all these amounts were secured by the lien created by the state court judgment, the Resolution restricts the FSLIC's liability for secured claims to "principal obligation[s]" and "contractually determined interest" (Doc. 1, Exh. 5, p. 6, P.(b)). Since the amounts defendant claims in this suit fall into neither of these categories, the Resolution's preemption of applicable state law precludes defendant's recovery of any amounts except the principal award from the state court suit. Accordingly,

IT IS ORDERED that:

1. the Motion For Summary Judgment Of Plaintiff Against Defendant and In Opposition To Motion For Summary Judgment Of Defendant Against Plaintiff is GRANTED; and

2. defendant's Motion For Summary Judgment is DENIED.

An appropriate judgment shall be entered.