422 So.2d 1341 (1982)
Terry A. RIVIERE and Jack G. Wurster, Plaintiffs-Appellants,
v.
James G. BETHARD, Defendant-Appellee.
No. 82-282.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
John R. Dowden, Baton Rouge, for plaintiffs-appellants.
James G. Bethard, Coushatta, for defendant-appellee.
Before FORET, CUTRER and STOKER, JJ.
CUTRER, Judge.
Plaintiffs, Terry A. Riviere and Jack G. Wurster, sued defendants, James G. Bethard and Ethel Rambin Jones, for the return of a deposit made during negotiations for the purchase of a motel located in Sabine Parish, Louisiana. The trial court sustained defendants' motion for summary judgment and plaintiffs appealed. We reverse.
The only issue before this court is whether there exists a genuine issue of material facts.
The plaintiffs' petition alleges that, on or about May 5, 1980, plaintiffs were negotiating with Ethel Jones and her attorney, James J. Bethard, concerning the purchase of the Driftwood Motel by plaintiffs. *1342 Plaintiffs further state that the sale was contingent upon Wurster (plaintiff) receiving a large sum of money from a succession in which he was an heir. The understanding between the parties was that the money was to be received by Wurster before September 1, 1980. It is alleged that, pursuant to this oral agreement, Riviere, through his agent, Mr. Robert D. Haas, of Illinois, sent a $10,000.00 check to James Bethard on behalf of Ethel Jones. Plaintiffs further allege that the expected inheritance by Wurster did not materialize before September 1, 1980, and the sale could not be consummated. Plaintiffs made demand on defendants for the return of the $10,000.00.
By answer defendants deny that any agreement was contingent upon Wurster receiving an inheritance. Defendants allege that the terms of the agreement were orally reached on April 18, 1980. Defendants further allege that, as a result of five letters, introduced into evidence, the purchase agreement was actually consummated and the $10,000.00 was to be considered earnest money. Defendants contend that, since the $10,000.00 was to be considered earnest money, Ethel Jones was entitled to retain same as plaintiffs failed to consummate the sale.
The trial court sustained defendants' motion for summary judgment and dismissed plaintiff's claim. Plaintiffs appealed contending that issues of material fact existed.

SUMMARY JUDGMENT
This court recently reviewed the standards for determining the propriety of granting a motion for summary judgment. In Home Ins. Co. v. Simon, 411 So.2d 1268 (La.App. 3rd Cir.1982), we cited the discussion found in Chaisson v. Domingue, 372 So.2d 1225 (La.1979), where the Supreme Court stated:

"It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; * * * Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. * * * The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. * * *". (Citations omitted.)
Summary judgment is not to be used as a substitute for a full trial of a controverted fact issue which is material to a decision in the case. The summary judgment procedure should be used cautiously and sparingly and any reasonable doubt should be resolved against the mover and in favor of a full trial on the merits. Mecom v. Mobil Oil Corporation, 299 So.2d 380 (La. App. 3rd Cir.1974), writs ref'd, 302 So.2d 308 (La.1975). Moreover, the fact that the court might conclude that the evidence preponderates in favor of the opponent does not justify the denial of a full trial on the merits to resolve the disputed issue. Dougharty v. Calkraft Paper Company, 335 So.2d 772 (La.App. 3rd Cir.1976).
The only evidence before the court, other than the pleadings and affidavits,[1] are the five letters which we have referred to.
The letters, relied upon by defendants, reflect the following:
On Friday, April 25, 1980, Bethard wrote a letter to a Mr. Haas, plaintiffs' agent in Illinois, which stated, in part, as follows:
"... The terms reached by the parties in our office in a meeting held on April 18, 1980 were as follows:

*1343
Sale Price shown on Deed $450,000.00
Down Payment 20,000.00
Credit Portion 430,000.00 at
11% simple interest payable in 180 monthly
installments of $4,909.18."

On Monday, April 28, 1980, Haas mailed to Bethard a check for $10,000.00 which was accompanied by a cover letter which read as follows:
"Enclosed please find a check for $10,000 to be held in escrow account for purchase of Driftwood Motel Sale to Terry Riviere and Jack Wurster."
On May 8,1980, defendant Bethard wrote another letter to Haas concerning the proposed sale. Bethard pointed out a potential problem involving the acquisition of liquor licenses by non-residents (plaintiffs were residents of Illinois). Bethard indicated possible solutions to this problem including incorporation by plaintiffs and a lease purchase agreement between plaintiffs and defendant Jones. Enclosed with the letter was a proposed lease option agreement. Also enclosed in this letter was a receipt for $10,000.00 dated May 5, 1980, signed by Bethard and Jones. The receipt indicated the money was being "held in escrow pending the sale of Driftwood." The receipt further indicated that, if the sale was not completed, through no fault of the seller, the $10,000.00 would be paid to the seller (defendant Jones) as damages. The receipt also stated the money would be returned to the plaintiffs if the sale was not completed "through no fault of the buyer."
Sometime after May 8, 1980, but before July 3, 1980, Riviere contacted Bethard and requested the return of the $10,000.00. Riviere indicated to Bethard that he, Riviere, had heard that Jones no longer wanted to sell the motel to Riviere. On July 3rd, Bethard wrote to Riviere and said Jones was ready and willing to sell. Bethard pointed out that Wurster was in Louisiana at the time "discussing the proposed sale with [Jones]." On July 28, 1980, Bethard wrote to Riviere, in care of Haas, informing him that the $10,000.00 which had been held in escrow had been delivered to defendant Jones.
After the hearing on defendants' motion for summary judgment the trial judge stated:
"... The Court finds that there was an agreement to sell concluded by the parties, and represented by the offer to sell and the acceptance, both in the writing by form of the letter enclosing the ten thousand dollars deposit."
The trial judge then characterized the $10,000.00 as "earnest money" and found plaintiffs had forfeited it by failing to complete the sale. We disagree.
The court found that the April 28th letter from Haas to Bethard was an acceptance to the terms included in Bethard's letter of April 25th. The evidence does not support this finding. The record does not indicate that the $10,000.00 check was written in response to Bethard's April 25th letter. There is no proof that Haas, in Illinois, received Bethard's letter before sending the check three days later. Haas' letter does not mention any of the terms found in Bethard's letter. Neither does Haas' letter accept the terms set forth in the offer.
The letters from Bethard to plaintiffs on May 8th and July 3rd both indicate that an agreement to sell had not been reached. The May 8th letter shows that the identity of the purchaser is yet to be determined. Bethard suggests plaintiffs may wish to incorporate rather than buy as individuals. The type of transaction is also in doubt. Bethard included with this letter a proposed lease option agreement. Clearly, negotiations were still in progress at this time and the parties were not in agreement.
Bethard's July letter also indicates negotiations are in progress. Bethard indicates Jones is "still ready and willing to sell..." Also, Wurster was in Louisiana discussing the sale with Jones at this time. Again, it appears no agreement had been reached. Also, we note that the question of fact exists as to whether the negotiations included the condition that any sale would be contingent upon Wurster's inheriting the money before September 1, 1980. We conclude that there exist genuine issues of material fact.
*1344 The characterization of the $10,000.00 as earnest money is also open to question. Bethard points to the terms spelled out in the receipt he drafted for co-defendant Jones' signature. There is no evidence in the record to support the trial judge's finding that "[t]here does not appear to have been any disagreement as to the treatment of the ten thousand dollars..." Defendants have not shown that the plaintiffs even received the receipt nor is it shown that plaintiffs agreed with and accepted the terms as written by Bethard.
This case has several material fact issues which must be resolved at a trial on the merits. The decision of the court below sustaining defendants' motion for summary judgment must be reversed and the case remanded for a trial on the merits.
For the reasons set forth, the judgment of the trial court is reversed and set aside. The suit is hereby remanded for proceedings in accordance with law and the views expressed herein. Costs of this appeal are to be paid by defendants-appellees.
REVERSED AND REMANDED.
NOTES
[1] Bethard filed an affidavit in support of the motion for summary judgment. This affidavit refers to the letters and makes substantially the same allegations as those contained in the answer. Plaintiffs' affidavits make substantially the same allegations as is contained in the petition.