CIACCIO, Judge.
Plaintiff, Arnold J. Points, appeals from a judgment which is in his favor, but which he feels is inadequate in the amount awarded. Appellees, James A. Laird and State Farm Insurance Company, take' the position that the trial court judgment should be maintained. We affirm the judgment.
Plaintiff’s 1970 model Ford van was damaged by defendant Laird in a vehicular collision. State Farm insured Laird. Defendants stipulated to their liability for the damages. The dispute at issue concerns the proper amount of damages.
State Farm paid for repair of the property damage. That item of damages is not at issue. State Farm tendered to plaintiff a check for $300.00 to cover the expense of a rental car during the time of repair. Plaintiff did not accept that check, reasoning that his rental expenses might eventually exceed that amount. Ultimately plaintiff claimed rental expenses of $1,014.42, damages for loss of use in an amount of $742.50, damages for loss of credit rating in an amount of $500.00, and attorney fees for opposing a motion for summary judgment in an amount of $500.00.
The trial court ruled that plaintiff could keep and cash the $300.00 check previously tendered to him by State Farm. The court also awarded plaintiff an additional $46.50 to bring the total to an amount the court felt adequately compensated plaintiff for three weeks of rental expenses. The court made no other award to plaintiff.
The collision in which the van was damaged occurred on January 6, 1983. State Farm considered the van a total loss, and offered plaintiff $2,400 to cover the loss. Plaintiff indicated that he wanted to have the van repaired, and State Farm agreed to accommodate him. On January 20, 1983, plaintiff obtained an estimate from Tonti Body & Fender Works, Inc. for repairing the van at a cost of $2,494.82. Four days later State Farm estimated repair costs to total $1,409.08. Total time for performing the repairs was expected to be three weeks.
After conversations with State Farm and plaintiff’s attorney, Tonti agreed, on February 22, 1983, to repair the van for $2,000.00, which amount State Farm would pay. Tonti also agreed that if the repairs took longer than three weeks, then it would provide a car for plaintiff to drive until the repairs were completed.
*485 On February 21, 1983, plaintiff rented a car for his use during the time needed for repair of his van. The repairs took longer than the expected three weeks. Plaintiff continued to drive the rented car until repairs were completed. He did not ask Ton-ti for the vehicle which had been promised for his use should repair take longer than three weeks.
When his van was returned to him, apparently repaired to his satisfaction, plaintiff requested that State Farm pay the bill for the rented car. This bill totaled $1,014.42. State Farm refused. This suit followed with plaintiff requesting compensation for loss of use from the day of the accident until he rented a vehicle, for the rental charges, and for mental anguish and loss of credit rating resulting from plaintiff exceeding his credit limit on his Mastercard which he used to pay a portion of the rental charges.
Plaintiff was without a vehicle from the day of the accident until the day he first rented a car. The record, however, contains no evidence that he needed or even wanted a vehicle prior to the day he rented one. More importantly, there is no evidence of what damages, if any, he suffered during this period of time resulting from not having use of a vehicle. The trial judge properly did not award any amount as compensation for this aspect of plaintiffs claim.
Plaintiff rented a car the day before the repair agreement was confected. Tonti agreed to loan plaintiff a vehicle should repairs take longer than three weeks. The record contains no evidence as to why plaintiff could not or did not use the vehicle which Tonti agreed to make available. The evidence in the record, therefore, substantiates no more than three weeks of rental charges, which is exactly the amount awarded to plaintiff by the trial court.
Plaintiff also sought damages for “loss of credit rating.” Plaintiff testified that he' chose to pay the rental charges with his Mastercard, but that the total amount exceeded his credit limit. He apparently used his credit card to charge as much as permissible and left a balance due to the rental company. Plaintiff testified that he ultimately paid all that he owed for the rented car. The record does not contain evidence that plaintiff’s “credit rating” was injured in any way. At best, plaintiff’s testimony indicates only that he encountered difficulty (mostly because he was unemployed) satisfying his obligation to Mastercard and/or the rental company. The status of his “credit rating” either before or after this episode was never revealed, and therefore, neither was it shown how his “credit rating” may have changed.
Further, plaintiff cites no authority for the proposition that defendant is responsible for the manner in which plaintiff chooses to finance his activities pending resolution of his claim. The only case we have found of similar import rejects such a notion. See Stewart v. Ainsworth, 446 So.2d 474 (La.App. 4th Cir.1984); writ denied, 447 So.2d 1072 (La.1984). In any event, the record in this case does not support any award for “loss of credit rating”, and the trial court correctly did not make an award.
Finally, plaintiff sought attorney fees for defending an allegedly frivolous motion for summary judgment. Defendants filed a motion for summary judgment on the ground that plaintiff’s claim had been settled. Plaintiff filed affidavits in opposition to indicate that settlement had involved property damage only. Defendants apparently withdrew their motion, as no hearing was held.
Plaintiff cites no authority for allowance of recovery for attorney fees. La.C.C.P. Art. 967 permits the court to award attorney fees if “it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay.” The trial judge apparently was not satisfied that defendants were acting in bad faith or solely for the purposes of delay. Plaintiff has made no such showing. The trial court correctly refused to award attorney fees.
*486 For the reasons set forth, the judgment of the trial court is affirmed.
AFFIRMED.
BARRY, J., dissents.