511 So.2d 457 (1987)
John J. FINLEY and Irene Marie Finley, Plaintiffs,
v.
SAFECO INSURANCE COMPANY and State of Louisiana, Through the Department of Transportation and Development, Defendants-Appellants,
v.
V. Lawrence L. Johnson, Mary D. Johnson and State Farm Mutual Automobile Insurance Company, Third party Defendants-Appellees.
No. 85-691.
Court of Appeal of Louisiana, Third Circuit.
June 11, 1987.
Rehearing Denied September 2, 1987.
*458 Jerry L. Finley, Baton Rouge, for defendant-appellant.
James D. Davis, Alexandria, for plaintiff-appellee.
Gist, Methvin, Hughes and Munsterman, Dewitt T. Methvin, Alexandria, for intervenor-appellee.
James T. Trimble, Jr., Percy, Smith, Foote & Honeycutt, Alexandria, for defendant-appellee.
Before FORET, J., and PLANCHARD[*] and McNULTY[*], JJ. Pro Tem.
MICHAEL J. McNULTY, Jr., Judge Pro Tem.
This is an appeal motion from a summary judgment in favor of appellees (third party defendants) Lawrence Johnson, Mary D. Johnson and State Farm Mutual Automobile Insurance Company (State Farm), dismissing the third party demand of appellant (the third party plaintiff) State of Louisiana, Department of Transportation and Development (State of Louisiana), and awarding attorney fees incurred in obtaining the dismissal. Appellees alleged in their original motion that prior to the institution of suit, specifically on March 7, 1984, the principal plaintiffs entered into a restricted compromise settlement and agreement with the appellees whereby the latter were released by the principal plaintiffs from any and all claims for damages arising out of an automobile accident occurring on December 22, 1983. Appellees further allege there is no material issue of fact and that they are entitled to a summary judgment dismissing the third party demand at appellant's cost and for attorney fees.
The trial court found that appellees' motion was well-founded and the third party action was unwarranted, unfounded and unnecessary. The Court rendered judgment dismissing the appellant's demands and granting appellees attorney fees in the sum of $300.00. The appellants thereafter filed a motion for a new trial and upon its disposition, this appeal followed.
*459 Plaintiffs filed suit on June 18, 1984 alleging that they received damages resulting from an automobile accident in which plaintiff, Irene Finley, was a guest passenger. Plaintiffs named as defendants, Safeco Insurance Company (Safeco), their insurer, and the State of Louisiana, Department of Transportation and Development. Appellant alleged in paragraph six of the petition that:
"At all times pertinent herein, Mary Johnson had automobile liability insurance coverage with State Farm Mutual Automobile Insurance Company and petitioners have settled their claims for personal injuries, medical and hospital expenses, property damage, loss of consortium, disabilities or otherwise, past, present or future and have signed a restrictive receipt, release and subrogation agreement."
Mary Johnson was identified in the petition as the driver of the automobile in which Irene Finley was a guest passenger. On July 11, 1984, State Farm filed a petition of intervention naming as defendants, State of Louisiana, through the Department of Transportation and Development. Intervenor alleged that the sole cause of the accident was the negligence of State of Louisiana and further alleged in paragraph six of its Petition of Intervention:
"That without any admission of liability whatsoever, intervenor settled all claims of John Finley and Irene Finley as against it and its insureds, Lawrence Johnson and Mary Johnson, by payment of the per person policy limits of $10,000.00 and allowing Mr. and Mrs. Finley to reserve their rights as against all other persons whomsoever, and the said Mr. and Mrs. Finley subrogated unto State Farm Mutual Automobile Insurance Company all rights which they had as against any persons liable to them to the extent of the amount paid."
Intervenor sought reimbursement to the extent of the payments it made to plaintiffs as a result of its settlement. On October 11, 1984, Safeco filed an answer consisting of a general denial and seeking credit for the amounts paid by State Farm to the plaintiffs. Safeco further alleged that it is entitled to contribution and/or indemnity from defendant-appellants. On October 23, 1984, defendant-appellees filed an answer consisting of a general denial. On November 26, 1984, defendant-appellants filed an amended answer and third party demand, alleging the negligence of the third party defendant. It named as third party defendants, Mary and Lawrence Johnson and State Farm Insurance, alleging that the sole cause of the accident was the negligence of the third party defendants. Defendant-appellant further sought indemnity and/or contribution from third party defendants. Appellees moved for summary judgment. Third party defendants-appellees filed the restricted receipt, release and subrogation agreement which was signed on March 7, 1984 by the principal plaintiffs, John J. Finley and Irene Finley. (Transcript, page 49). On the basis of this document, the trial court granted the summary judgment herein, with a penalty for attorney fees under Louisiana Code of Civil Procedure Articles 966 and 967.
The granting of a motion for summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits filed, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Louisiana Code of Civil Procedure Article 966; Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La. 1980). Summary judgment may not be granted if there exists any real doubt as to the existence of a genuine issue of material fact. American Bank and Trust Company v. Sunbelt Environmental, 451 So.2d 1111 (La.App. 1st Cir.1984). The summary procedure should be used cautiously and sparingly and any reasonable doubt should be resolved against the mover and in favor of a full trial on the merits; Riviere v. Bethard, 422 So.2d 1341 (La.App. 3rd Cir. 1982).
The restricted receipt, release and subrogation agreement signed by John Finley and Irene Finley on March 7, 1984, provides in pertinent part:

*460 "... that said sum is accepted in full settlement, satisfaction and accord of all claims appearers may have as against Lawrence Johnson, Mary Johnson and State Farm Mutual Automobile Insurance Company as a result of a single vehicle automobile accident occurring on or about the 22nd day of December, 1983 when a 1981 Pontiac automobile owned by Lawrence Johnson and being driven by Mary Johnson was involved in a series of collisions with a bridge on U.S. Highway 71 in Grant Parish, Louisiana.
In consideration of the payment of the foregoing sums to them, appearers do hereby release and discharge Lawrence Johnson, Mary Johnson and State Farm Mutual Automobile Insurance Company from any and all claims on their part for personal injuries, medical and hospital expenses (except as may be due under the medical expense provisions of the policy of insurance issued by State Farm Mutual Automobile Insurance Company to Lawrence Johnson), property damage, loss of consortium, disabilities or otherwise, past, present or future, and whether known or unknown at this time, in any manner connected with or arising out of the above referred to accident." (Transcript, page 49, emphasis added.)
It is obvious from a reading of the release that John and Irene Finley intended to release all of their claims arising from the accident, whatever they may have been, as against Lawrence Johnson, Mary Johnson and State Farm Mutual Automobile Insurance Company. We find that the issue raised by defendant-appellee was not a genuine one and that the release is perfectly adequate on its face. Since there is therefore no genuine issue as to the granting of the release, the judgment granting a dismissal of the third party claim was proper.
"If it appears to the satisfaction of the Court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees. Any offender party or attorney any be adjudged guilty of contempt."
La.Code of Civil Procedure Article 967. (Emphasis added.)
There appears to be a paucity of Louisiana jurisprudence on the subject of penalties assessed under Louisiana Code of Civil Procedure Article 967. This matter appears to have been examined only twice in the history of the Article. Our brothers of the Fourth Circuit vouched on the issue in Metropolitan Bank of Jefferson v. Summers, 257 So.2d 179, writ denied 259 So.2d 914 (1972), (La.App. 4th Cir.1972) and again in Points v. Laird, 474 So.2d 483 (La.App. 4th Cir.1985). In the Metropolitan case, the plaintiff filed suit on a note and the defendant's answer contained a plea of payment. Plaintiff filed a motion for summary judgment to which the defendant filed certain countervailing affidavits. The Court, citing Federal law, found that there was not bad faith exhibited by the defendant. The Court, in denying attorney fees, stated:
"We feel that a defendant to a motion for summary judgment should be granted more leniency than the mover, and may properly defense himself by affidavits which may, had they been offered in furtherance of such a motion by the mover, be counted as frivolous or in bad faith. We do not hold that anything of any nature, however baseless it may be, is proper defense against a motion for summary judgment, but we do find that in the present case the defendant's motion is at least valid on its face."
In the Points case, the defendants filed a motion for summary judgment on the ground that plaintiff's claim for damages had been settled. Plaintiff filed affidavits whereupon defendants withdrew their motion. The Court, in denying an award of attorney fees, found that the plaintiff had made no showing of bad faith.
In the instant case, we have a rather unusual problem in that the defendants-appellees filed no affidavits in opposition *461 to the motion. Although the Points case can be distinguished in that in the case before us the trial judge found that the third party action was "unwarranted, unfounded and unnecessary", we feel that a defendant in a motion for summary judgment should be granted more leniency than the mover. We further find, as the Louisiana jurisprudence has consistently held, that such statutes which provide for the awarding of attorney fees are to be strictly construed because the award of attorney fees is basically penal in nature. Frank L. Beier Radio v. Black Gold Marine, 449 So.2d 1014 (La. 1984), and cases cited therein. There were no affidavits filed by defendants-appellees, and therefore under a strict construction of Louisiana Code of Civil Procedure Article 967, we decline to award attorney fees to plaintiffs-appellants.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

ON APPLICATION FOR REHEARING
PER CURIAM:
In its application for rehearing, State of Louisiana, Department of Transportation and Development avers that this Court erred in its decree portion wherein we had stated that we declined to award attorney's fees to plaintiffs-appellants, and in the next paragraph stated that:
"For the foregoing reasons, the judgment of the trial court is affirmed."
Applicant for the rehearing is correct. We meant to reverse the judgment of the trial court awarding attorney's fees, and it is hereby so ordered. That portion of the trial court judgment awarding attorney's fees is reversed.
Further, with regard to the summary judgment, this Court actually intended to affirm the granting of the summary judgment. The movant in this application for rehearing has merit in its contention that we erred in ruling that the restricted receipt, release and subrogation was a release of all claims arising from the accident when there was no release relating to damages relating to loss of services, loss of society, physical pain and suffering and mental pain and suffering. Our judgment stands corrected in that regard.
Having granted the relief the applicant has requested, our judgment stands corrected accordingly and there is no necessity for a formal grant of a rehearing with incidental arguments, etc.
Our judgment of June 11, 1987 stands corrected as hereinabove set forth.
NOTES
[*] Judge Arthur J. Planchard of the 14th Judicial District Court and Judge Michael J. McNulty, Jr. of the 16th Judicial District Court, participated in this opinion by appointment by the Louisiana Supreme Court as Judges Pro Tempore.