CIACCIO, Judge.
This is an appeal from the granting of defendant’s motion for summary judgment thereby dismissing plaintiff’s suit. For the reasons set forth below, we affirm the judgment of the trial court.
FACTS
On February 10, 1985, Henry Ramirez, a licensed racehorse trainer, was injured when he fell from a loft in a stable on the premises owned by the Fair Grounds Corporation. He fell while throwing bales of alfalfa down to his son below the loft. Plaintiff was occupying this stall space through a permit he had obtained from the Fair Grounds for the purpose of training horses for the upcoming racing events.
Plaintiff subsequently instituted this suit against the Fair Grounds Corporation for damages he alleges resulted from this accident. He alleges in his petition that the cause of the fall was the lack of handrails or bannisters on the loft, for which he argues that defendant is strictly liable. *571 Defendant filed a motion for summary judgment seeking dismissal of plaintiffs claim on the grounds that the conditions of the application for stall space signed by plaintiff prevented plaintiffs recovery. The trial court granted the motion for summary judgment and dismissed plaintiffs suit.
The issue before us is whether, as a matter of law, the conditions contained in the application for stall space signed by plaintiff which limit the liability of the Fair Grounds act as a complete bar to plaintiffs recovery for this accident.
The record indicates that plaintiff was employed by the owner of several horses to train these horses for racing events. Plaintiff applied for and obtained a permit to utilize stall space on the premises of the Fair Grounds during the 1984-85 racing season for the purpose of training these horses and entering them in race meets. The actual document completed by plaintiff was entitled “Condition of Stall Allocation” and was signed by plaintiff on September 30, 1984. Paragraphs 8 and 9 of this document provide as follows:
8. It is agreed that neither Fair Grounds Corp., nor any of its officers or agents shall be in any way liable for any loss, damage, death, or injury of any kind to any person, animal, vehicle or other property arising out of or connected with the presence on or use of Fair Grounds premises by said Applicant and all employees, agents, jockeys, members of the families, property and animals of said Applicant, whether such injury, loss, death or damage is claimed to be caused by the condition of said premises or any act or negligence or omissions to act of Fair Grounds or of its agents or servants or from any cause, and the undersigned Applicant hereby specifically assumes all such risks fully and completely.
9. The undersigned Applicant hereby agrees to indemnify and save harmless Fair Grounds Corp. and its respective officers, employees and agents from any and all liabilities, claims and demands for damages, injuries, deaths or losses or costs or expenses of any kind resulting from or arising out of or claimed to result from or arise out of the presence on or use of said premises at Fair Grounds by said Applicant and all employees, agents, jockeys, members of the families, property and animals of Applicant and Applicant agrees to defend any claim or suit which may arise from the foregoing and to pay all attorneys fees and costs thereof.
On appeal, plaintiff argues that the provisions in these two clauses which release the Fair Grounds from liability for this accident are contrary to public policy and are therefore null under the terms of La.Civil Code article 2004 which provides:
Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party.
Any clause is null that, in advance, excludes or limits the liability of one party for causing physical injury to the other party.
However, comment “e” under that article specifically states that “[tjhis article does not govern ‘indemnity clauses’, ‘hold harmless’ agreements, or other agreements where parties allocate between themselves, the risk of potential liability towards third persons.” Further, article 2004 which became effective in 1984, did not change the pre-existing law, and used as a source La. Civil Code article 11, which at that time provided:
Individuals can not by their conventions, derogate from the force of laws made for the preservation of public order or good morals.
But in all cases in which it is not expressly or impliedly prohibited, they can renounce what the law has established in their favor, when the renunciation does not affect the rights of others, and is not contrary to the public good.
Clearly, the parties in this case were not prevented from bargaining and contracting for the provisions set forth in the application. Thus, we find that La.Civil Code article 2004 has no effect on the release of *572 liability or indemnity and hold harmless agreements found in the contract herein.
Similar clauses in contracts between horse trainers and race track owners have been dealt with by Louisiana courts. In Forsyth v. Jefferson Downs, Inc., 152 So.2d 369 (La.App. 4th Cir.1962), writ refused, 244 La. 895, 154 So.2d 767 (1963), this Court specifically held on rehearing that under the provisions of La.Civil Code article 11, it is not in contravention of public policy for a party to assume the risk of injuring himself or his property in consideration of being allowed to use the premises of the race track. In that case, owners of the race track were found not liable for the death of a horse on its premises, where the horse trainer had signed a “hold harmless” agreement stating that the horses were being trained at the trainer’s own risk.
In the present case, plaintiff, in the application for stall space, expressly contracted with the Fair Grounds not to sue for any future injuries which may be caused by the negligence of the Fair Grounds in exchange for the use of stall space. By the clear and unequivocal terms of this contract, plaintiff expressly assumed the risk of injury and released the Fair Grounds from any liability for the precise type of injury which occurred here.
The record establishes that plaintiff had been a jockey and trainer for most of his life and had actually been in the business of training horses for over twenty-five years. He had trained horses at the Fair Grounds for a period of ten years. Plaintiff was a capable and experienced horse trainer. He knew the condition of the stable, and consented to assume the risk of an injury such as the one in this case.
Further, there is no evidence that plaintiff’s consent to these conditions were not voluntarily given, or that the Fair Grounds was in a position of superior bargaining power. Plaintiff was not precluded from earning his livelihood by his refusal to sign this document. Although it may have been more convenient to occupy a stall on the premises, plaintiff was not prevented from training his horses at a different location and then entering them in races at the Fair Grounds. The stall space was offered by the Fair Grounds only as a means to encourage the entry of horses in their races, and plaintiff was not precluded from race participation by his refusal to use the stall space. Plaintiff voluntarily assumed the risk of this injury in consideration for the use of the premises.
We therefore hold that the contract executed between plaintiff and the Fair Grounds is a valid and enforceable one. By the clear terms of contract, the Fair Grounds limited their liability for precisely the type of injury which occurred here in exchange for stall space and plaintiff expressly and voluntarily consented to this condition in the contract. The terms of the agreement, which is the law between the parties, bars plaintiff’s recovery against the Fair Grounds.
After considering the pleadings and other documents of record, we find that there is no genuine issue of material fact to be resolved and conclude that the defendant’s motion for summary judgment was properly granted. The judgment appealed from is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.