575 So.2d 811 (1991)
Henry William RAMIREZ
v.
FAIR GROUNDS CORPORATION.
No. 90-C-1632.
Supreme Court of Louisiana.
March 11, 1991.
*812 Mack E. Barham, Robert Arceneaux, Gail Wise, Barham & Associates, New Orleans, for Henry William Ramirez, plaintiff-applicant.
Paul A. Bonin, Levenson & Bonin, New Orleans, for Henry William Ramirez, plaintiff-applicant.
Earl A. Bridges, Jr., Tanya A. Ibieta, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Fair Grounds Corp., defendant-respondent.
DENNIS, Justice.
In this case plaintiff seeks to recover damages for severe permanently disabling physical injuries he suffered when he fell from a loft in a building owned by defendant. Defendant moved for summary judgment on the basis of clauses in a previously entered into stall-space agreement with plaintiff which, in advance, released defendant from any and all liability for damages suffered by plaintiff. The trial court granted defendant's motion for summary judgment. The court of appeal affirmed. Ramirez v. Fair Grounds Corporation, 563 So.2d 570 (La.App. 4th Cir. 1990). We granted Ramirez's writ application. 567 So.2d 1111 (La.1990). We reverse, deciding that the clauses in the agreement are null because "[a]ny clause is null that, in advance, excludes or limits the liability of one party for causing physical injury to the other party." La.Civ.Code art. 2004.
On February 10, 1985, Henry Ramirez, a licensed racehorse trainer with over 25 years of experience, was injured when he fell from a 12-foot high loft in a stall which is part of a stable owned by the Fair Grounds Corporation (hereinafter "Fair Grounds"). Ramirez filed suit against the Fair Grounds alleging that he suffered extensive damage to both feet and legs and that the cause of the fall was the lack of handrails or bannisters on the loft, in violation of applicable building codes, for which defendant is strictly liable pursuant to La. Civ.Code arts. 2317 and 2322.
On September 30, 1984, approximately 4 months before the accident, Ramirez signed an application for stall space and use of the Fair Ground facilities. This application acts as a license or permit to use the stall space and facilities free of charge. The clauses in paragraphs 8 and 9 of the application provide as follows:
8. It is agreed that neither Fair Grounds Corp., nor any of its officers or agents shall be in any way liable for any loss, damage, death or injury of any kind to any person, animal, vehicle or other property arising out of or connected with the presence on or use of Fair Grounds premises by said Applicant and all employees, agents, jockeys, members of the families, property and animals of said Applicant, whether such injury, loss, death or damage is claimed to be caused by the condition of said premises or any act or negligence or omissions to act of Fair Grounds or of its agents or servants or from any cause, and the undersigned Applicant hereby specifically assumes all such risks fully and completely.
9. The undersigned Applicant hereby agrees to indemnify and save harmless Fair Grounds Corp., and its respective officers, employees and agents from any and all liabilities, claims and demands for damages, injuries, deaths, or losses or costs or expenses of any kind resulting from or arising out of or claimed to result from or arise out of the presence on or use of said premises at Fair Grounds by said Applicant and all employees, agents, jockeys, members of the families, property and animals of Applicant and Applicant agrees to defend any claim or suit which may arise from the foregoing and to pay all attorneys fees and costs thereof.
Fair Grounds filed a motion for summary judgment based on the above quoted terms of the contract. The trial court granted the motion for summary judgment and dismissed Ramirez's suit. The court of appeal *813 affirmed, concluding that Ramirez's agreement to release the Fair Grounds from any and all liability barred his recovery and that the agreement was not prohibited by Article 2004. Ramirez v. Fair Grounds Corporation, 563 So.2d 570 (La.App. 4th Cir.1990).
La.Civ.Code art. 2004 provides:
Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party.
Any clause is null that, in advance, excludes or limits the liability of one party for causing physical injury to the other party.
The clauses in the application are null because they, in advance, exclude the liability of Fair Grounds for causing physical injury to Ramirez. Id.
Fair Grounds acknowledges in its brief that "if one takes this article at face value, it would appear that it does render the indemnity and hold harmless clause null." But defendant argues that the words of the statute are qualified by the comments thereunder. Defendant specifically relies on comment (a) which states that Article 2004 "does not change the law" and comment (e) which states that the article "does not govern `indemnity' clauses, `hold harmless' agreements, or other agreements where parties allocate between themselves the risk of potential liability towards third persons."
We need not determine whether the comments were intended to convey a meaning contrary to the plain words of the statute. Article 2004 of the Louisiana Civil Code was enacted by Louisiana Act 331 of 1984. Section 9 of Act 331 specifically provides that "[t]he headings and comments in this Act are not part of the law and are not enacted into law by virtue of their inclusion in this Act." 1984 La.Acts No. 331, § 9. Consequently, even if the comments were to be interpreted so as to express a meaning different from the statute, they have no legislative effect on the statute because they are not part of the law.
Furthermore, because the statute is clear and unambiguous with respect to the issue in this case, and its application does not lead to absurd consequences, it shall be applied as written and no further interpretation may be made of it in search of the intent of the legislature. La.Civ.Code art. 9. Accordingly, there is no justification for our considering the comments even as persuasive sources or interpretive aids in the present case.
For the reasons assigned, the judgment of the court of appeal is reversed, defendant's motion for summary judgment is denied, and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED TO THE TRIAL COURT.