GONZALES, Judge.
This case involves the interpretation or validity of a noncompetition agreement. Defendant, Jeffrey Allen McKey, executed an “Employee Noncompetition Agreement” at the request of his employer, G.T. Michel-li Company, Inc. “Michelli” (plaintiff herein). Mr. McKey was hired by Michelli in September of 1988; the agreement was executed on September 25, 1990. On April 15, 1991, Mr. McKey notified Michelli of his resignation from the company and thereafter went to work for defendant, Quality Scales, Inc. “Quality”, a Michelli competitor. Michelli filed suit against McKey to enforce the agreement and against Quality and its president, Ted A. Bobe, to enjoin the use of any trade secrets they may have received from McKey. Following trial, the suit was dismissed; Michelli appeals and makes the following assignments of error:
1) The trial court erred in finding that the Employee Noncompetition Agreement executed between Jeffrey Allen McKey and G.T. Michelli Company, Inc. is null and void based on duress sufficient to vitiate the consent of McKey in entering into the Agreement.
2) The trial court erred in finding that the Employee Noncompetition Agreement executed between Jeffrey Allen McKey and G.T. Michelli Company, Inc. is null and void for lack of consideration or lawful cause.
Additionally, Appellees herein have filed a Motion to Dismiss for Mootness along with the affidavit of Ted A. Bobe, attesting that Jeffrey McKey terminated his employment with Quality Scales on January 3, 1992. Thus, Appellees assert that plaintiff is no longer entitled to the relief sought. Initially we determine that appel-lee’s position is well-taken with regard to plaintiff’s demand for injunctive relief; therefore, we will remand the matter to the trial court for a confirmation of the facts suggested by the motion. See De Felice v. Garon, 395 So.2d 658 (La.1981). This court retains jurisdiction to decide the errors assigned with regard to injunctive relief only if it is found that Mr. McKey remains in the employ of Quality.
The noncompetition agreement at issue in this case provides, in pertinent part, as follows:
REMEDIES. Employee acknowledges that his compliance with the terms of this Agreement is necessary to protect Employer’s Trade Secrets and goodwill, and in the event of an actual or threatened breach by Employee of any of the provisions of this Agreement, Employer shall be entitled to:
(a) Liquidated damages from Employee in the amount of at least $10,000 to cover damages for losses sustained and profits of which he has been deprived; and
(b) An injunction enforcing the terms of this Agreement.
*357 Plaintiff seeks to obtain both injunctive relief and to recover the liquidated damages as stipulated in the agreement.
The noncompetition agreement at issue herein is governed by La.R.S. 23:921 as follows:
A. Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind; except as provided in this Section, shall be null and void.
[[Image here]]
C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee' may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment.
[[Image here]]
G. Any agreement covered by Subsections B, C, D, E, or F of this Section shall be considered an obligation not to do, and failure to perform may entitle the obligee to recover damages for the loss sustained and the profit of which he has been deprived. In addition, upon proof of the obligor’s failure to perform, and without the necessity of proving irreparable injury, a court of competent jurisdiction shall order injunctive relief enforcing the terms of the agreement. [Emphasis added.]
Prior to its amendment in 1989, La.R.S. 23:921 did not address the type of damages which could be recovered for breach of a noncompetition agreement.[1] In the past, courts interpreting former La.R.S. 23:921 have allowed recovery of liquidated damages. World Wide Health Studios, Inc. v. Desmond, 222 So.2d 517 (La.App. 2d Cir.1969); Aetna Finance Company v. Adams, 170 So.2d 740 (La.App. 1st Cir.1964), writ refused, 247 La. 489, 172 So.2d 294 (La.1965). Subsequent to this jurisprudence, the Legislature amended 23:921 restricting recoverable damages to “damages for the loss sustained and the profit of which [the employer] has been deprived”. This language clearly permits recovery of only those damages which have actually been sustained and can be proven. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La.C.C. art. 9; Ramirez v. Fair Grounds Corporation, 575 So.2d 811 (La.1991).
Plaintiff failed to prove at trial that any actual damages have been sustained as a result of the breach of contract complained of herein. Consequently, we find plaintiff is not entitled to any relief, and affirm the trial court judgment dismissing that portion of the suit seeking damages. The matter is remanded for hearing on the injunction issue. All costs of this appeal are to be borne by plaintiff/appellant.
AFFIRMED IN PART AND REMANDED.

. Former La.R.S. 23:921 provided:
No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route or in the same territory for a period of two years.