GRISBAUM, Judge.
Third party defendants, Theodore J. Lala and his insurer, United States Fidelity and Guaranty Company (USF & G) appeal the judgment of the trial court granting third party defendant Chemfix Technologies, Inc.’s motion for summary judgment on finding an indemnity provision in a lease contract between Lala and Chemfix was not valid under the rational of Ramirez v. Fair Grounds Corporation, 575 So.2d 811 ( La.1991). For the following reasons, we vacate the trial court judgment, deny the *789 motion for summary judgment, and remand for further proceedings.
Plaintiffs, Audrey Bertrand, wife of/and Lawless J. Comeaux, instituted this tort action to recover damages for injuries sustained by Mr. Comeaux during the course and scope of his employment with Chemfix Technologies, Inc. The injuries allegedly occurred on or using property owned by defendants Theodore J. Lala and Hyde Park Foundary and Machine Company. United States Fidelity and Guaranty Company and Traveler’s Insurance Company were named defendants as the respective insurers of the above defendants.
USF & G answered the lawsuit on behalf of Lala and third partied Chemfix Technologies, Inc., averring Chemfix was the lessor of the property allegedly causing the accident and that pursuant to the lease agreement, Chemfix agreed to indemnify and hold harmless Lala from any and all claims arising from its use of the premises or from the conduct of its business or from any activity, work or things done, permitted or suffered by Lala in or about the premises. Chemfix moved for summary judgment alleging, as employer of Co-meaux, their liability is limited to worker’s compensation, and secondly, that the equipment plaintiff was using at the time of his injuries was subject to an oral lease and not the written lease containing the indemnity provisions as relied on by USF & G. In support of this latter argument, Chem-fix submitted a portion of Mr. Lala’s deposition confirming the existence of an oral lease for the equipment. Additionally, USF & G submitted the written lease agreement between Lala and Chemfix in support of its position.
A motion for summary judgment may be granted only when the pleadings, depositions on file, answers to interrogatories and affidavits, if any, show the absence of dispute as to a genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Article 966; Davis v. Copeland Enterprises, Inc., 390 So.2d 891 (La.1980); Shafouk Nor El Din Hamza v. Bourgeois, 493 So.2d 112 (5th Cir.1986).
In a summary judgment proceeding the burden of showing absence of dispute as to a genuine issue of material fact and that mover is entitled to judgment as a matter of law, is incumbent upon mover. Any doubt concerning whether or not summary judgment should be granted must be resolved against mover and in favor of trial on the merits. Davis, supra; Shafouk, supra.
Summary judgment may not be granted if there exists any real doubt as to the existence of genuine issues of material fact. LSA-C.C.P. art. 966; Finley v. Safeco, Ins. Co., 511 So.2d 457 (3rd Cir.1987). Further, it is rarely appropriate to use summary judgment for a determination based on subjective facts such as intent, motive, malice, knowledge or good faith. Penalber v. Blount, 550 So.2d 577 (La.1989).
We see the trial court applied the Ramirez case to invalidate a lease indemnity clause whereby the parties allocated between themselves the risk for injuries to a third person. The trial court said, in its Reasons for Judgment, “[i]n Ramirez, the Louisiana Supreme Court held invalid indemnity agreements that excludes or limits the liability of one party for causing injury to another party.” (Emphasis added.) However, we find Ramirez quoted La.C.C. art. 2004, which clearly says, “limits the liability of one party for causing ... injury to the other party.” (emphasis added), not “another” party. The language in La.C.C. art. 2004 clearly and necessarily refers to the parties to the contract and not those agreements that allocate the risk of injury to third parties, those persons not party to the contract. Ramirez invalidated a lease indemnity clause that limited the liability of one party to the contract for injury to the other party to the contract. The language of Article 2004 is clear that only parties to the contract are intended.
Important to note is the West headnote No. 1 in Ramirez incorrectly reads:
Clauses in stall space agreement between race horse trainer and fairgrounds in which trainer, in advance, released fairgrounds from any and all liability for *790 damages suffered by trainer were null under statute nullifying clauses that, in advance, exclude or limit liability of one party for causing physical injury to another party. LSA-C.C. art. 2004.
(Emphasis added.)
It appears that the trial court read this headnote and incorrectly assumed that Ramirez invalidates so-called “third party” indemnity agreements when, in fact, the case does no such thing. Clearly, La.C.C. art. 2004 does not seek to nullify all indemnity agreements but only a specified group thereof.
In any event the intent and knowledge of the parties must be developed at trial on the merits to determine the applicability and validity of the indemnification clause in the written contract and its relation to the oral equipment contract.
Accordingly, the judgment of the trial court is vacated and the motion for summary judgment denied. Further, the case is remanded to the trial court for further proceedings consistent with the views expressed herein. Each party to bear his own costs.
VACATED IN PART; DENIED IN PART; AND REMANDED.